**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

Carly Walwyn, Melissa McCracken,
Barbara Ferraro, Christine Treu,
Joi Cipriano, Samantha Roccobono,
Daniel Roccobono, Maria Valero,
Kelly Daniels, Sheila Rodriquez-Rivera,
Danielle Handler, Kristin Valdez and
MaryAnn Lucks,
E

Not personally but
as class representatives
of all employees
similarly situated of
Passaic Healthcare Services, LLC.
and its subsidiaries

for themselves and for the benefit of
Passaic Healthcaser Services, LLC
Group Health Insurance Plan and Trust

Plaintiffs,

v.

Sequoia Healthcare Services, Inc.
PHS Holding LLC
Brant Martin
Daniel Kane
Stacey Granat
David Horowitz
Winthrop Hayes
Nicholas Zolotas
Louis Rocco
And John Does 1-10

Defendants

---------------------------------------------------------------X

CLASS ACTION COMPLAINT

Case 16 CV _______

Plaintiffs ("Plaintiffs", sometimes herein referred to as "Passaic Healthcare Claimants"), herein bring this complaint on behalf of themselves and all other similarly situated employees of

Passaic Healthcare Services, LLC, formerly doing business as Allcare Medical, ("Passaic") or of its subsidiaries or affiliates, Galloping Hill Surgical, LLC and Allcare Medical SNJH LLC and also on behalf of the Passaic Health Care Services Group Health Insurance Plan, and Trust a Welfare Benefit Plan whose actual name is not known to the Plaintiffs (the "Passaic Plan" or the "Plan").

Plaintiffs bring this complaint against Stacy Granat ("Granat"), David Horowitz ("Horowitz"), Daniel Kane ("Kane"), Brant Martin ("Martin"), PHS Holding LLC ("PHS"), Louis Rocco ("Rocco"), Sequoia Healthcare Services LLC ("Sequoia") Winthrop Hayes ("Hayes"), Nicholas Zolotas ("Zolotas") and John Does 1-10 each Defendant being a fiduciary for the Passaic Plan within the meaning of the Employee Retirement and Income Security Act (ERISA), 29 U.S.C.§1001 et seq..

In support of their complaint, Plaintiffs state as follows.

## INTRODUCTION

1. This is a class action brought by Plaintiffs on behalf of all participants in the Passaic Healthcare Services, LLC Health Insurance Plan and Trust (the "Passaic Plan"). The precise name of the Plan is presently unknown but when determined, this complaint will be amended accordingly.

2. The Plaintiffs bring this class action complaint not only on their own behalf but also on behalf of the Passaic Plan for the benefit of Plaintiffs as Plan Participants.

3. Plaintiffs are former employees of Passaic or its affiliates.

4. Passaic and its affiliates are debtors in Chapter 11 bankruptcy reorganization proceedings ("Passaic Chapter 11 Case") which had been pending in Trenton, New Jersey until its recent dismissal.[1]

5. Debtors will not reorganize. Indeed, Debtors have filed a motion for "structured dismissal" of the Passaic Chapter 11 Case which was granted.[2]

6. By order of the United States Bankruptcy Court for the District of New Jersey, Plaintiffs herein were accorded class status for purpose of filing claims in the Passaic Chapter 11 Case pursuant to Federal Rule of Bankruptcy Procedure 7023.[3]

7. By order of the United States Bankruptcy Court for the District of New Jersey, counsel for Plaintiffs herein was appointed Class Counsel pursuant to Federal Rule of Bankruptcy Procedure 7023.

8. Plaintiffs bring this complaint because substantial sums of money were withheld from their paychecks by Passaic for the purpose of funding, in part, the Passaic Plan. These Plan Assets were diverted to Passaic's corporate use. As a result, Plaintiffs' health insurance claims were denied.

9. The Passaic Plan was a Welfare Benefit Plan governed by the Employee Retirement Income and Security Act ("ERISA").

10. Each of the Defendants was a fiduciary with respect to the Passaic Plan under ERISA.

11. The Defendant-fiduciaries of the Passaic Plan failed to deposit the sums withheld from the Plaintiffs' wages into a separate segregated account for the benefit of the Plan as required by ERISA.

---

[1] *In re Passaic Healthcare Services, LLC d/b/a/Allcare Medical,* Case NO. 14-36129 (CMG).
[2] *Id.* at Dkt. 420, January 16, 2016.
[3] *Id.* at Dkt. 315, July 25, 2015.

12. Indeed, the Defendant-fiduciaries of the Passaic Plan failed to maintain a segregated account for the benefit of the Plan.

13. Instead, they used the money withheld from the Plaintiffs' wages for the general benefit of Passaic and its affiliates, which were insolvent and now are facing immediate liquidation.

14. Moreover, the Defendant-fiduciaries of the Passaic Plan also failed to obtain and maintain a bond for the faithful performance of their duties as fiduciaries for the Plan.

15. As a result of the breaches of fiduciary duties by the Trustees and fiduciaries of and for the Passaic Plan, Magnacare, the Third Party Administrator of the Plan denied the Plaintiffs' claims for insurance under the Plan.

16. Plaintiffs and their family members insured by the Passaic Plan now face in excess of $250,000 in medical liabilities to hospitals, physicians and other health care providers which were to have been covered under the Plan.

17. As Plan fiduciaries, Defendants and each of them were required to exercise skill, care, prudence and diligence in administering all components of the Passaic Plan, and are responsible for administering the Plan solely interest in the Plan's participants and beneficiaries.

18. In violation of the Passaic Plan, the Defendants' diversion of Plan Assets, constituting Plaintiffs' wages ear-marked and expressly withheld for the benefit of the Plan to the general use of Passaic and its affiliates resulted in Plaintiffs' loss of health insurance coverage by the Passaic Plan in amounts in excess of $250,000.

**JURISDICTION AND VENUE**

19. This Court has subject matter jurisdiction over this action as a claim involving a federal question. 28 U.S.C. § 1331. These federal questions arise under the Employee Retirement

Income and Security Act, 29 U.S.C. § 1101 et seq. Plaintiffs have the right to bring this case pursuant to 29 U.S.C. § 1132(a)(1)(b) and 29 U.S.C. § 1132(a)(3).

20. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that one or more of the Defendants resides in or may be found within this district.

21. Venue is also proper in this District because one or more of the Defendants can be found within this district.

22. Venue is proper in this district since most of the Plaintiffs reside in this district. Accordingly, injury was suffered within this District.

**PARTIES PLAINTIFF**
**CLASS ALLEGATIONS**

23. The Plaintiffs herein, Carly Walwyn, Melissa McCracken, Barbara Ferraro, Christine Treu, Joi Cipriano, Samantha Roccobono, Daniel Roccobono, Maria Valero, Kelly Daniels, Sheila Rodriquez-Rivera, Danielle Handler, Kristin Valdez and MaryAnn Lucks all were employees of either Passaic or of its subsidiaries or affiliates.

24. All but two of the Plaintiffs herein reside within the Eastern District of New York.

25. Most of the Plaintiffs herein worked for one of the Plaintiffs at a location within the Eastern District of New York.

25. Each of the Plaintiffs herein, by virtue of their employment with Passaic or its affiliates was a participant in the Passaic Plan.

26. The aggregate amount of all claims of all members of the class of Plaintiffs herein is not known. There are close to 200 Passaic employees who fall within the putative class of Plaintiffs herein.

27. The putative class is sufficiently numerous that joinder of all members is impractical.

28. There are questions of law and fact common to each member of the Putative class of Passaic Healthcare Employees.

29. The claims of the representative parties will fairly and adequately represent the interests of the class.

30. Moreover, the class has previously been recognized by the United States Bankruptcy Court for the District of New Jersey for the purpose of filing a class claim in the Passaic Bankruptcy Cases.

**PARTIES DEFENDANT**

31 The Passaic Plan is an Employee Welfare Benefit Plan pursuant to ERISA.

32. Funds withheld from Plaintiffs and the other Passaic Employees in the Class they represent constituted Trust Funds within the meaning of ERISA

33. The following Defendants, on information and belief, are members of Passaic Healthcare, LLC:

a. Stacy Granat ("Granat")

b. David Horowitz ("Horowitz");

c. Daniel Kane ("Kane");

d, Brent Martin ("Martin")

e. PHS Holding LLC ("PHS") and

f. Sequoia Healthcare Services LLC ("Sequoia")

34. Passaic Healthcare Services, LLC is a member-managed New Jersey Limited Liability Company.

35. By reason of the foregoing, each of the members of Passaic Healthcare Services, LLC are fiduciaries with respect to the Passaic Plan within the meaning of ERISA.

36. As members of Passaic Healthcare Services, LLC, a member-managed limited liability company, each member had authority over the Passaic Plan and its assets.

37. Winthrop Hayes, at all times herein relevant was President of Passaic Healthcare Services, LLC and further was expressly designated as a fiduciary of the Passaic Plan.

38. Louis Rocco, at all times herein relevant was Chief Financial Officer of Passaic Healthcare Services, LLC and further was expressly designated as a fiduciary of the Passaic Plan

39. Stacy Granat, at all times herein relevant was Chief Operating Officer of Passaic and accordingly is a fiduciary of the Passaic Plan by reason of her position with Passaic.

40. Nicholas Zolotas, at all times herein relevant was the Director of Finance of Passaic and accordingly is a fiduciary of the Passaic Plan by reason of his position with Passaic.

## ADDITIONAL SUBSTANTIVE ALLEGATIONS

41. Passaic Healthcare Services, LLC filed its voluntary petition for relief under Chapter 11 on December 31, 2014.

42. Its subsidiaries, Galloping Hill and Allcare SNJ file voluntary petitions for relief under Chapter 11 on January 6, 2015.

43. These bankruptcy cases were consolidated and collectively are referred to as the Passaic Bankruptcy Cases.

44. Each Plaintiff was an employee of Passaic.

45. Each Plaintiff was to have been afforded health insurance coverage under the Passaic Plan.

46. Each Plaintiff contributed a portion of his or her earnings toward payment for health insurance pursuant to the Passaic Plan.

47. Each of the Plaintiffs' contributions to the Passaic Plan was withheld from the respective Plaintiff's paycheck by Passaic prior to the commencement of the Passaic Bankruptcy Cases.

48. All wages withheld from Plaintiffs' wages by Passaic as contributions to the Passaic Plan constituted assets of the Passaic Plan pursuant to ERISA ("Plan Assets").

49. Each of the Defendants herein were fiduciaries with respect to the Plan Assets.

50. Each of the Defendants herein had the fiduciary obligation under ERISA to assure that the Plan Assets be maintained in a segregated trust account for the benefit of the Passaic Plan.

51. However, each of the Defendant fiduciaries of the Passaic Plan failed to maintain the Plan Assets in a segregated trust account. None of the withheld wages were ever deposited in a segregated trust account.

52. Moreover, none of the Defendant fiduciaries of the Passaic Plan maintained a bond for the Plan Assets as required by ERISA.

53. Instead, the Defendant-fiduciaries allowed Plan Assets to be commingled with the other Passaic Accounts, thereby converting the Plan Assets withheld from Plaintiffs paychecks to use other than the Passaic Plan health insurance coverage, all in violation of ERISA,

54. As a result of the foregoing breaches of fiduciary obligations by each and every one of the Defendants, the third party administrator of the Passaic Plan, Magnacare, ceased to honor Plaintiffs' health insurance claims.

55. Debtors in the Passaic Bankruptcy Cases did not pay the Plaintiffs' health insurance claims in the Passaic Bankruptcy Cases.

56. By reason of the diversion of Plan Assets from money withheld from Plaintiffs' paychecks, Plaintiffs have suffered substantial damages, currently estimated to be far in excess of the sums withheld from their paychecks and diverted to Passaic's other business purposes.

57. By reason of the diversion of Plan Assets from money withheld from Plaintiffs' paychecks, Plaintiffs have suffered even more substantial damages in the form of dishonored health insurance claims. As of this date, the Plaintiffs have suffered dishonored health insurance claims in excess of $250,000.

58. None of the Defendants warned any of the Plaintiffs that Passaic was either diverting the Plan Assets to Passaic's own use or that it was failing to otherwise fund the Passaic Plan.

59. The Defendants' failure to advise any of the Plaintiffs that it had ceased funding the Passaic Plan and had diverted Plan assets to Passaic's own use was a further breach of fiduciary duty under ERISA.

60. By reason of the foregoing conduct, all in breach of the Defendants' fiduciary obligations to the Plaintiffs, Plaintiffs have been required to employ counsel and have and will continue to incur substantial attorneys' fees, and costs, all of which might be recovered from the Defendant-fiduciaries under ERISA.

61. Plaintiffs, for the benefit of the Passaic Plan, are entitled to recover, as an equitable remedy or otherwise the following elements of recovery from the Defendants and each of them:

a. A sum equal to all Plan Assets diverted from the wages of the Plaintiff class and not maintained in a segregated account for the benefit of the Passaic Plan.

b. A sum equal to all health insurance claims wrongfully denied by the third party administrator, Magnacare, to the Plaintiff Class and its beneficiaries.

c. A sum equal to all attorneys' fees, accountants' fees, as well as costs and expenses of every nature incurred by the Plaintiff Class in connection with this action.

d. Such other sums or remedies as the Court might deem just and equitable.

Wherefore, Plaintiffs pray that they be recognized as class representatives to pursue this claim on behalf of the Passaic Plan for the benefit of the Passaic Plan participants, that their counsel be allowed to continue as class counsel for the purpose of pursuing this claim, and for entry of judgment granting the remedies requested in Paragraph 61 against Defendants and each of them pursuant to ERISA as well as such other and further relief as may be just.

*/s/David P. Leibowitz*
Attorney for Plaintiffs

David P. Leibowitz
Illinois Attorney 1612271
79 W. Monroe Street, Suite 500
Chicago, IL 60603
312 940 7445

Law Office of Ibrahim B. Shatara, PLLC
NY BAR 4877510
1512 Castle Hill Avenue
Bronx, NY 10462